MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

J. Gordon Cooney, Jr., *pro hac vice* forthcoming
gordon.cooney@morganlewis.com
Franco A. Corrado, *pro hac vice* forthcoming
franco.corrado@morganlewis.com
2222 Market Street
Philadelphia, PA  19103-3007
Tel:    +1.215.963.5000
Fax:   +1.215.963.5001

Attorneys for Defendant
GLAXOSMITHKLINE CONSUMER HEALTHCARE
HOLDINGS (US) LLC, now known as Haleon US
Holdings LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMY RUIZ and ALLAN WONG, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC d/b/a Haleon, *a Delaware limited liability company*,<br><br>Defendant. | '24CV1706 L    BJC<br><br>**NOTICE OF REMOVAL**<br><br>State Court Case No.: C24-02236<br><br>Date Filed:    August 21, 2024 |

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, now known as Haleon US Holdings LLC ("Haleon"), by and through its counsel, removes the above-entitled action (the "Action") to this Court from the Superior Court of the State of California, County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

**I.      PROCEDURAL BACKGROUND**

1. On May 30, 2024, Plaintiffs Allan Wong and Jimy Ruiz ("Plaintiffs") filed a putative class action complaint for damages in the Southern District of California against Haleon, captioned *ALLAN WONG and JIMY RUIZ, individually and on behalf of all those similarly situated v. GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC d/b/a HALEON, a Delaware limited liability company*, No. 3:24-cv-0943 (S.D. Cal.).

2. In that federal court action, Plaintiffs alleged that the "Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act . . . specifically under 28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over 'any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Ex. A, ¶ 4 (quoting 28 U.S.C. § 1332(d)(2)(A)).[1]

3. Haleon moved to dismiss the complaint. Plaintiffs then filed a notice of voluntary dismissal on August 20, 2024, the date their opposition to the motion to dismiss was due.

4. On August 21, 2024, the day after voluntarily dismissing the federal action, Plaintiffs re-filed their putative class action complaint in the Superior Court of the State of California, County of Contra Costa, entitled *JIMY RUIZ and ALLAN WONG, individually and on behalf of all those similarly situated v. GLAXOSMITHKLINE CONSUMER HEALTHCARE*

---

[1]   The Complaint from the Plaintiffs' first federal court action is attached hereto as Exhibit A.

*HOLDINGS (US) LLC d/b/a HALEON, a Delaware limited liability company*, No. C24-02236 (the "Complaint").

5.  The Complaint asserts claims for violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, unjust enrichment, and breach of express warranty.

6.  Plaintiffs filed the Action as an unlimited civil case (*i.e.*, a matter that exceeds $35,000).

7.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a true and correct copy of the Complaint and all accompanying documents served upon Haleon in the Action.

## II. REMOVAL IS TIMELY

8.  Haleon was served with the Complaint on August 27, 2024. Because this Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III. REMOVAL STANDARD

9.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this Action is removable to the United States District Court for the Southern District of California under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this putative class action under 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453, and because this Court encompasses the district and division where this Action currently is pending.

## IV. THIS COURT POSSESSES SUBJECT MATTER JURISDICTION UNDER CAFA

10. Plaintiffs seek to bring this Action as a putative class action. *See* Ex. B, Compl.

11. Removal based on diversity jurisdiction under the Class Action Fairness Act ("CAFA") is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between Plaintiffs and Haleon; and (iii) the amount

placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

12. Haleon denies Plaintiffs' factual allegations and denies that Plaintiffs, or the putative class they purport to represent, are entitled to the relief requested; however, based on Plaintiffs' allegations in the Complaint and their prayer for relief, all requirements for jurisdiction under CAFA have been met.[2]  Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Has More Than 100 Members.

13. Plaintiffs assert claims on behalf of a putative class comprised of "all consumers in California who purchased the Products within four years prior to the filing of this Complaint." Ex. B, Compl., ¶ 52.  Plaintiffs define "Products" as "Emergen-C dietary supplements (Raspberry, Super Orange, Tangerine, Cranberry, Pomegranate, Pink Lemonade, Strawberry-Kiwi, and Tropical flavors)." *Id.* at 1.

14. Plaintiffs allege the number of class members is "in excess of 150." *See id.*, ¶ 55. Thus, the first element of CAFA's removal test is satisfied.

### B. Diversity of Citizenship Exists.

15. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

16. Plaintiff Ruiz alleges that he is a citizen of California.  Ex. B, Compl., ¶ 1.

17. Plaintiff Wong alleges that he is a citizen of California.  *Id.* ¶ 2.

---

[2]  Haleon does not concede, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action.  Haleon does not concede that any of Plaintiffs' allegations constitute a cause of action against it under applicable law.

18. In addition, the putative class consists of "consumers in California who purchased the Products within four years prior to the filing of this Complaint." *Id.* ¶ 52.

19. "[F]or purposes of CAFA," a limited liability company "is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (quoting 28 U.S.C. § 1332(d)(10)); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, & n.13 (9th Cir. 2009) (Kleinfeld, J., concurring) (applying rule).[3]

20. The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…. [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

21. Plaintiffs correctly allege that Haleon is incorporated in Delaware with its principal place of business in New Jersey. Ex. B, Compl., ¶ 3.

22. Thus, Haleon is a citizen of a state other than California for diversity purposes. 28 U.S.C. § 1332(c)(1).

23. Accordingly, Plaintiffs and members of the putative class are citizens of a state different than Haleon both at the time the Complaint was filed and at the time of removal.

24. Minimal diversity is satisfied, and diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

---

[3] Unlike the analysis for diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of a limited liability corporation under CAFA does not turn on or consider the citizenship of its members. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "[T]o apply the traditional diversity rule holding that LLCs are citizens of every state in which their members are domiciled would likely undermine Congress's intent to facilitate adjudication of certain class actions in federal court by excluding from federal adjudication the vast majority of class actions brought against LLCs." *Ramirez*, 2019 WL 2897902, at *2.

**C.     The Amount In Controversy Exceeds $5,000,000.**

25.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (to determine whether the amount in controversy requirement is satisfied, a district court aggregates the claims of all named or unnamed persons who "fall within the definition of the proposed or certified class").

26.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

27.     In alleging amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

28.     Although Haleon denies Plaintiffs' factual allegations and denies that Plaintiffs or the class they seek to represent are entitled to the relief for which they have prayed, as detailed below, Plaintiffs' allegations and prayer for relief have more likely than not put into controversy

an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[4]

29.  As stated above, Plaintiffs seek to represent a class of "all consumers in California who purchased the Products within four years prior to the filing of this Complaint." Ex. B, Compl., ¶ 52.

30.  Plaintiffs seek consequential damages, restitution, and other relief, including injunctive relief. *Id.* ¶¶ 80, 88, 94, at Prayer.[5]

31.  Plaintiffs allege that they and the putative class "would not have purchased the Products on the same terms had they known the truth about the ingredients." *Id.* ¶ 94.

32.  Plaintiffs also allege that they "would like to purchase the Products . . . in the future, but cannot currently do so because they cannot rely on the Products' labeling." *Id.* ¶ 68.

33.  These allegations that Plaintiffs would not have purchased the products at issue "on the same terms" had they known "the truth" suggest that Plaintiffs could seek, and a jury could award, a significant portion of the purchase price of the Products sold in California to Plaintiffs and the putative class.

34.  Haleon's records show that in the four-year class period, it sold more than $50 million of the Products in California. *See* Declaration of John Neufeld, attached hereto as Exhibit

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Haleon's references to specific damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Haleon maintains that Plaintiffs' claims lack merit and that Haleon is not liable to Plaintiffs or any putative class member. Haleon expressly denies that either Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, Haleon denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

[5] In addition to actual and punitive damages, Plaintiffs also seeks an award of "[r]easonable attorneys' fees and litigation costs." Ex. B, Compl. at Prayer. Haleon denies Plaintiffs' entitlement to attorneys' fees, but notes that attorneys' fees could further add to the jurisdictional amount. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018) (explaining that where the law entitles the plaintiff to an award of attorneys' fees if successful, "such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

C, ¶ 3. Therefore, even a claim seeking a small percentage of the purchase price would easily exceed the $5 million CAFA threshold.

35. Haleon denies that Plaintiffs or any member of the putative class is entitled to a refund, but has demonstrated for removal purposes that the amount in controversy under CAFA is satisfied based on Plaintiffs' demand for restitution alone.

**D.  The Home State Exception to CAFA Does Not Apply Here Because The Primary Defendant Is Diverse.**

36. CAFA's Home State Exception does not apply to this matter.

37. In limited circumstances, a federal district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction over a class action where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3).

38. In general, a "primary defendant" is "anyone who has a substantial exposure to a significant portion of the proposed class in the action." *Kendrick v. Xerox State & Local Sols., Inc.*, 2018 WL 1605104, at *4 (N.D. Cal. Apr. 3, 2018), *aff'd sub nom. Kendrick v. Conduent State & Local Sols., Inc.*, 910 F.3d 1255 (9th Cir. Dec. 13, 2018); *Harrington v. Mattel, Inc.*, No. C07-05110 MJJ, 2007 WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007) (clarifying that the "primary defendants" are the "real targets" of the lawsuit and "would be expected to incur most of the loss if liability is found"). This is in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable. *See McCracken v. Verisma Sys., Inc.*, 2017 WL 2080279, at *3 (W.D.N.Y. May 15, 2017).

39. Here, Plaintiffs bring all of their claims against Haleon and no other defendant. As noted above, Haleon is not a citizen of California. Thus, the Home State Exception to CAFA removal jurisdiction does not apply here.

## V. VENUE

40. This action was originally filed in the Superior Court for the County of Contra Costa. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## VI. NOTICE

41. Haleon will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VII. CONCLUSION

42. Based on the foregoing, Haleon requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Haleon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: September 24, 2024                    MORGAN, LEWIS & BOCKIUS LLP

                                             By  */s/ Megan A. Suehiro*
                                                 Megan A. Suehiro

                                             Attorneys for Defendant
                                             GlaxoSmithKline Consumer Healthcare
                                             Holdings (US) LLC, now known as
                                             Haleon US Holdings LLC

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132.

On September 24, 2024, I served a copy of the within documents:

**NOTICE OF REMOVAL**

by transmitting via electronic mail the document(s) listed above to each of the person(s) set forth below.

| | |
|---|---|
| Charles C. Weller<br>CHARLES C. WELLER, APC<br>11412 Corley Court<br>San Diego, California 92126<br>Tel: 858.414.7465<br>Email: legal@cweller.com | *Attorneys for Plaintiff* |

Executed on September 24, 2024, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Alondra Gallegos