UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RUIZ and ALLAN WONG, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC d/b/a Haleon, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:24-cv-01706-L-BJC<br><br>**ORDER DISMISSING CASE AND DENYING MOTION TO REMAND AS MOOT**<br><br>[ECF Nos. 2,3] |

On September 24, 2024, Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("Defendant"), removed the above captioned case from the Superior Court of the State of California, County of Contra Costa to this Court. [ECF No. 1.] On September 25, 2024, Plaintiffs filed a motion to remand the case back to state court arguing that the Southern District of California is not the proper venue as Contra Costa County lies within the Northern District of California. (ECF No. 2.)

Under the federal removal statute, a civil action over which federal courts may otherwise have original jurisdiction may be removed from state court to the federal

judicial district "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Contra Costa County is located within the Northern District, not the Southern District, of California.

Defendants had not yet filed a notice of removal with the state court "which shall effect the removal." 28 U.S.C. § 1446(d). Upon realizing their error, Defendant timely removed the case to the Northern District of California and filed the notice of removal with the state court to effect the removal under 28 U.S.C. § 1446(d). Accordingly, Defendant now requests we close this matter to allow them to proceed in the Northern District.

In light of the above, the Court will dismiss this case to allow the litigation to proceed in the Northern District of California. Had the Defendant not otherwise corrected their error and removed the case to the Northern District of California, in the interests of judicial economy and efficiency, the Court would have considered transferring the case to the proper venue in the Northern District of California instead of remanding the action. *See Steel Commander Corp. v. Pascua*, No. CV 22-00498 JMS-KJM, 2022 WL 20513941, at *1 (D. Haw. Dec. 5, 2022); *Penetrante v. Jaguar Land Rover NA, LLC*, No. CV162952MWFGJSX, 2016 WL 3457153, at *6 (C.D. Cal. June 24, 2016). For the foregoing reasons, the Court now DISMISSES this action and DENIES Plaintiff's motion to remand as moot.

**IT IS SO ORDERED.**

Dated: October 8, 2024

Hon. M. James Lorenz
United States District Judge